UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT C. PREAST,**

    **Plaintiff,**

v.                              Case No.: 8:10-cv-02510-MSS-TBM

**MICHAEL J. ASTRUE**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Plaintiff's Complaint seeking review of the denial of his claims for Social Security Disability Income ("SSDI") benefits and Supplemental Security Income ("SSI") payments. (Dkt. 1) On February 15, 2012, United States Magistrate Judge Thomas B. McCoun III issued a Report and Recommendation, recommending that the decision of the Commissioner of Social Security "be reversed and remanded for further proceedings before the Commissioner" because the decision of the Commissioner "is not supported by substantial evidence or is not in accordance with the correct legal standards . . . ." (Dkt. 20 at 22) No objection was filed to the Report and Recommendation, and the deadline to do so has passed.

### I. STANDARD

In the Eleventh Circuit, a district judge may accept, reject or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); See Williams v.

1

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

**II. DISCUSSION**

In the instant case, the Magistrate Judge undertook a thorough analysis of the record and applicable law, making several legal and factual conclusions. Ultimately, Judge McCoun concluded, that the decision of the Commissioner of the United States Social Security Administration "is not supported by substantial evidence or is not in accordance with the correct legal standards . . . ." (Dkt. 20 at 22) The Magistrate Judge recommended that the Commissioner's decision, to deny the Plaintiff's claims for SSDI benefits and SSI payments, "be reversed and remanded for further proceedings before the Commissioner consistent with [the] Report and Recommendation." (Id. at 22) Neither the Commissioner nor Plaintiff has filed any objections to the Magistrate Judge's findings of fact or conclusions of law, making the factual findings unassailable on

appeal. (Dkt. 20) This Court has reviewed the admitted findings of fact and considered thoroughly the legal conclusions and concurs that they are correct and adopts and incorporates the Report and Recommendation in this Order in total. (attached as Exhibit A to this Order)

Just by way of example, Dr. Urso is the Plaintiff's only treating physician of record. (Dkt. 20 at 15 n.12) In February of 2005, the doctor completed a statement of Plaintiff's residual functional capacity. Id. Dr. Urso's functional assessment of the Plaintiff was that he "could lift only five pounds, stand for one hour in an eight-hour day, sit for four hours in an eight-hour day, had occasional postural and handling/feeling/pushing limitations, and could never stoop or crouch." (Dkt. 20 at 15 n.12; Dkt. 7 at 538-539) At the last administrative hearing (there have been three over a period of ten years),[1] the vocational expert ("VE") opined that no work would be available for the Plaintiff if Dr. Urso's statement were credited. (Dkt. 20 at 15 n.12; Dkt. 7 at 698-699)

The ALJ, however, gave "little weight" to Dr. Urso's opinion on the Plaintiff's physical limitations. (Dkt. 20 at 16; Dkt. 7 at 559) According to the ALJ, Dr. Urso "did not reference specific objective medical findings to support his opinion," and Dr. Urso's "hand written notes were mostly concerned with medication control and there was little to no mention of any objective findings, . . . [and there] was no evidence of a physical examination." Id. In his review, Judge McCoun concluded that the ALJ's reasons for discounting Dr. Urso's functional assessments are "unpersuasive and unsupported by substantial evidence." (Dkt. 20 at 20-21) Defendant did not challenge that finding by

---

[1] See extensive procedural history of the case recounted in Judge McCoun's opinion. Exhibit A at 1-2.

objecting to the Magistrate Judge's Report and Recommendation.  Specifically, Judge McCoun reasoned that "given Dr. Urso's long-term care, the ALJ's statement that he gave Dr. Urso's functional assessment 'little weight' because the doctor did not reference specific objective findings to support his opinion is insufficient in light of the objective evidence that was revealed in this record."  (Dkt. 20 at 21)  Additionally, Judge McCoun stated that "the ALJ was obliged to weigh his medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; and (6) other factors which tend to support or contradict the opinion."  (Id. at 20-21); 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).  Judge McCoun is correct.

Even a cursory review of the record reveals that Dr. Urso did reference specific objective medical findings to support his opinions, and his medical notes are not primarily concerned with pain control.  From 2001 to 2009 the record is replete with Dr. Urso's notations of objective findings as to the Plaintiff's prior injuries, resulting cervical neuritis, lumbar and peripheral neuropathy, as well as neuropathy of his lower extremities.  (Dkt. 7 at 467, 472, 528-530, 534-539, 661-668)  Additionally, the record reflects that Dr. Urso performed numerous physical examinations and noted that the Plaintiff suffered from chronic pain, muscle spasms, limited leg raising capacity, limited range of motion and back pain.  (Dkt. 7 at 467, 529, 530, 538-539, 661-663)  On its independent review of the record, the Court concurs with the findings of Judge McCoun in this regard.  Therefore, the Court concludes that the ALJ's reasons for discounting

the treating physician's opinions are "unpersuasive and unsupported by substantial evidence," as found by Judge McCoun. (Dkt. 20 at 20-21)

Although the Commissioner committed reversible error in discounting Dr. Urso's opinions, there is still uncertainty as to the exact onset date of Plaintiff's disability, if any, and whether he would be eligible for benefits, and, if so, what category of benefits and how much Plaintiff is owed. Accordingly, the Court **REMANDS** for further proceedings consistent with this Order.

## III. CONCLUSION

Upon consideration of the Report and Recommendation, and in conjunction with an independent examination of the file, it is hereby **ORDERED** as follows:

1. The Report and Recommendation (Dkt. 20) is **CONFIRMED** and **ADOPTED** as part of this Order;

2. The decision of the Commissioner of Social Security is hereby **REVERSED** and **REMANDED** for further proceedings consistent with this opinion and the report and recommendation of Judge McCoun, including the presentment of any additional evidence necessary to an evaluation of the claims and defenses; a determination of the onset date of Plaintiff's disability, if any; a determination of Plaintiff's eligibility for SSI and/or SSDI benefits; and a calculation and award of any applicable benefits.

3. The Clerk is directed to enter judgment in favor of the Plaintiff; and,

4. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of March 2012.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record